UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASEY CORDERO ALLEN                                               PLAINTIFF

CIVIL ACTION NO. 4:21-CV-P15-JHM

DEPARTMENT OF CORRECTIONS *et al.*                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  For the reasons set forth below, the Court will dismiss Plaintiff's claims

but allow him to file an amended complaint.

**I.**

Plaintiff Casey Cordero Allen initiated this action by filing a Court-supplied § 1983

complaint form (DN 1).  On the form, Plaintiff indicates that he is incarcerated as a pretrial

detainee at the Daviess County Detention Center (DCDC).  In the section of the complaint form

where Plaintiff is to list the Defendants in this action, he lists "Department of Corrections"

(DOC) and "Department of Justice" (DOJ).  In the "Statement of Claims" section of the

complaint form, Plaintiff writes *in toto*, "Constitution right Number One movement civil unjust

entire stay."  In the "Relief" section of the complaint form, Plaintiff indicates that he seeks

compensatory and punitive damages.

Approximately one month after filing the complaint, Plaintiff filed another Court-

supplied § 1983 form which was docketed as an amended complaint (DN 7).  In the caption of

this form, Plaintiff lists the following as Defendants – "DOC"; "DOJ"; "11 employee ofc cap.

DCDC"; and Southern Health Partners.  In the "Statement of the Claims" section of the form, Plaintiff writes, "1st" and "$5,400,000."  In the "Relief" section of the form, Plaintiff indicates that he seeks compensatory and punitive damages as well as "up to date 2021 law library access for life."   Plaintiff attaches nineteen pages of documents to the amended complaint.  They seem to consist of certain orders Plaintiff made from the canteen at DCDC, grievances he has filed at DCDC, denials of his requests for certain video and audio footage from DCDC, and photographs that were apparently taken after "an assault that took place on 1/26/21" (DN 1-1, p. 17).

A few months after filing the amended complaint, Plaintiff filed the "Statement of the Claims" and "Relief" sections of another § 1983 complaint form (DN 12).  The "Statement of the Claims" section of this filing reads as follows:

> B130
>
> Deputy Webb responded to me kicking the door with my foot went to get another incident officer to help upon the returning to the door asked are you going to stop. I stated I'll keep kicking in future tense, envoked 4th Amendment placed hand behind my back deputy culver lunged through hitting right side of my body I went to one knee rolled over onto stomack deputy started to push with both hands on my face other deputy webb raided room finding nothing of contraband apparatice. Removing Fixodent/toilet paper to talk in the process of stepping on my foot.
>
> ANOTHER INCIDENT  B124
>
> Deputy Blevins shorted 1 portion s off as of the breakfast meal one.  [Illegible] shorted 1 portion off of the dinner/supper meal three
>
> ANOTHER INCIDENT A216
>
> On the phone with my mother Deputy Clark yelling wah wah wah.

In the "Relief" section of this form, Plaintiff indicates that he seeks damages as well as a "2020 charger 'Dodge Charger.'"

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *See Twombly*, 550 U.S. at 557 (2007); *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the

"courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Complaint and Amended Complaint (DNs 1 & 7)

The complaint and amended complaint fail to provide sufficient details to put any named Defendant on notice as to any claim(s) against them, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*), and the complaint and amended complaint are simply too vague for the Court to discern a cause of action against the named Defendants under any legal theory.

Thus, the Court concludes that the complaint and amended complaint are subject to dismissal and that the Defendants listed in these pleadings - the "DOC"; "DOJ"; "11 employee ofc cap. DCDC"; and Southern Health Partners - should be terminated as parties to this action.

### B. Second Amended Complaint (DN 12)

The Court construes Plaintiff's third pleading as a second amended complaint. Therein, Plaintiff makes specific allegations against certain DCDC officials not named as defendants in this action.

Upon review, the Court can discern no claim of constitutional dimensions against either Deputy Blevins for allegedly "shorting" Plaintiff two meal portions or against Deputy Clark for allegedly yelling "wah wah wah" while Plaintiff was on the phone for his mother.

As to Plaintiff's allegation regarding Deputy Webb and Deputy Culver, he seems to claim that they violated his Fourth Amendment rights by searching his cell.  This allegation fails to state a claim upon which relief may be granted because the Supreme Court has held that an official's search of a prisoner's cell does not violate the Fourth Amendment.  *Hudson v. Palmer*, 468 U.S. 517 (1984).

Plaintiff, however, has made allegations which could state Fourteenth Amendment excessive-force claims against Deputy Webb and Deputy Culver.  Thus, the Court will allow Plaintiff to file a third amended complaint in which he names Deputy Webb and Deputy Culver as Defendants in this action and sues them in their individual capacities.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)  ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### III.

For the foregoing reasons, **IT IS HEREBY ORDERED that Plaintiff's claims against the Department of Corrections, the Department of Justice, "11 employee ofc cap. DCDC," and Southern Health Partners are DISMISSED for failure to state a claim upon which relief may be granted consistent with the notice-pleading standard under 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 8(a).**

As such, the **Clerk of Court** is **DIRECTED** to **terminate these Defendants as parties to this action.**

The **Clerk of Court** is further **DIRECTED** to **re-docket DN 12 a second amended complaint**.

**IT IS FURTHER ORDERED** that within <u>**30 days**</u> from the entry date of this Order, **Plaintiff may file a third amended complaint in which he names Deputy Webb and Deputy Culver as Defendants in this action and sues them in their individual capacities.**

Thus, the **Clerk of Court** is further **DIRECTED** to send Plaintiff the second page of a § 1983 complaint form with this case number and the words "Third Amended Complaint" written in the caption.

Should Plaintiff fail to timely file a properly completed third amended complaint the Court will dismiss this action for the reasons stated herein.

Date:   May 21, 2021

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.011

6